IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02966-PAB

ASSOCIATION OF CHRISTIAN SCHOOLS INTERNATIONAL,
SAMARITAN MINISTRIES INTERNATIONAL,
TAYLOR UNIVERSITY,
INDIANA WESLEYAN UNIVERSITY,
ASBURY THEOLOGICAL SEMINARY, and
ALLIANCE DEFENDING FREEDOM,

    Plaintiffs,

v.

ALEX AZAR, in his official capacity as Secretary of the United States Department of Health and Human Services,
R. ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor,
STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
UNITED STATES DEPARTMENT OF LABOR, and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on Plaintiffs' Motion for Permanent Injunction and Declaratory Judgment [Docket No. 45]. Defendants filed a response to the motion on September 6, 2018, in which they concede that "requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA." Docket No. 47 at 1. Defendants take no position on the propriety of granting plaintiffs' request for declaratory and injunctive relief. *Id.* at 1. Based on defendants' response and the record in this case, the Court finds that

plaintiffs have satisfied the requirements for a permanent injunction under Fed. R. Civ. P. 65(d) and declaratory relief under 28 U.S.C. § 2201.

First, plaintiffs have demonstrated that requiring them to comply with 42 U.S.C. § 300gg-13(a)(4), to the extent such compliance conflicts with plaintiffs' sincerely held religious beliefs, violates plaintiffs' rights under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*

Second, plaintiffs will suffer irreparable harm unless defendants are enjoined from interfering with plaintiffs' practice of their religious beliefs.

Third, the threatened harm to plaintiffs outweighs any injury to defendants resulting from this injunction.

Fourth, the public interest in the vindication of religious freedom favors the entry of a permanent injunction.

Wherefore, it is **ORDERED** as follows:

1. Plaintiffs' Motion for Permanent Injunction and Declaratory Judgment [Docket No. 45] is **GRANTED**.
2. Defendants and their agents, officers, and employees, and all others in active concert or participation with them, including their successors in office, are hereby permanently **ENJOINED** and **RESTRAINED**:
    a. From applying or enforcing the requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of sterilization or contraceptive drugs, devices, procedures, and related

    education and counseling to which plaintiffs have sincerely-held religious objections; and

  b. From pursuing, charging, or assessing penalties, fines, assessments, or any other enforcement actions for past, present, or future noncompliance with those requirements thereto, including those found in 26 U.S.C. § 4980D and 29 U.S.C. § 1132, for failing to offer, provide, or otherwise facilitate access to sterilization or contraceptive drugs, devices, procedures, or related education and counseling to which plaintiffs have sincerely-held religious objections, against plaintiffs and any insurers or third-party administrators acting on behalf of plaintiffs with respect to their health plans.

3. It is **DECLARED** that the requirements of 42 U.S.C. § 300gg-13(a)(4), as those requirements relate to the provision of sterilization or contraceptive drugs, devices, procedures, and related education and counseling to which plaintiffs have sincerely-held religious objections, violate plaintiffs' rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*

4. Within 14 days of the entry of this Order, plaintiffs may have their costs by filing a Bill of Costs with the Clerk of the Court.

5. This case is closed.

DATED December 10, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge